JOHN BERGEN, Plaintiff in Error, *v.* THE PEOPLE, Defendant in Error.

### ERROR TO WILL.

An indictment for incest which charges that the acts were upon the person of A. B., the said A. B. then and there being the daughter of him, the said C. D., sufficiently avers the relationship between the parties.

The admission of the father, that the person with whom he had sexual intercourse, was his daughter, by a former wife, was competent evidence.

It is not proper to permit proof of what a living but absent witness testified to on a former trial of the same cause.

The confession of a party accused of crime, which is uncorroborated by any circumstance inspiring belief in its truth, arising out of the conduct of the accused, or otherwise, is insufficient to convict.

THIS cause was tried before RANDALL, Judge, and a jury, at December term, 1855, of the Will Circuit Court. The plaintiff in error was found guilty, and his punishment fixed at four years in the penitentiary.

ANDERSON and McALLISTER, for Plaintiff in Error.

W. H. L. WALLACE, for The People.

SKINNER, J. This was an indictment for *incest*. The indictment charges that the defendant committed the incestuous acts " upon the person of Phebe R. Bergen, the said Phebe R. Bergen then and there being the daughter of him, the said John Bergen," &c. A motion to quash the indictment was made and overruled. It is contended that the indictment does not, with sufficient certainty, aver that the relation of parent and child existed between the defendant and Phebe R. Bergen. The language is plain, as broad as the language of the statute defining *incest*, and means that the natural relation of parent and child existed between the parties, and is incapable of any other fair construction. We are of opinion, therefore, that the indictment is sufficient.

On the trial the People offered to prove admissions of defend-

ant, that said Phebe was his daughter, by a former wife, who died when she was an infant, and that he married his present wife when said Phebe was an infant. The defendant objected, and the court admitted the evidence. It is urged in argument that the effect of this evidence was to prove the defendant's several marriages by his admissions; that the law requires proof of marriage *in fact*, and that defendant's admissions are not competent for that purpose. It is said, that on trial of indictments for bigamy, and in actions for criminal conversation, proof of marriage, *in fact*, is essential. It is unnecessary, however, to examine the law upon this subject.

Marriage was not the *gist* of the inquiry. The question was, did the defendant have sexual intercourse with his daughter, as charged in the indictment? The object of the evidence was, to prove that Phebe was the daughter of the defendant; and, for that purpose, it was unobjectionable. And if it was material, under the pleadings, to prove that the defendant, at the time of the alleged criminal act, was a married man, his admission of the fact, upon general principles, was admissible; and it is difficult to comprehend why an admission by the defendant of the *fact* of his marriage would not be sufficient proof of *actual* marriage, as contradistinguished from such evidence of marriage as cohabitation may afford. 2 Greenleaf's Ev., Secs. 49, 50; *Forney* v. *Hollocher*, 8 Serg. and Rawle, 159. The court permitted the People to prove what Phebe swore to, on the examination of the defendant before the magistrate, for the same offence, the defendant objecting. The record shows, that there was evidence tending to prove that the defendant had taken the witness out of the State, to deprive the People of her testimony; and it was proved that she had been for some months beyond the limits of this State. Where a witness has testified on a former trial of the same cause, or where the same matter was in issue, between the same parties, and the witness has since died, what such witness swore to on the former occasion may be given in evidence.

Here the witness was not dead, but beyond the jurisdiction of the court, by the procurement of the defendant; and we think the rules of evidence do not permit, in such case, the admission of the testimony given on the former occasion. *State* v. *Atkins*, 1 Tenn. (Overton) 229; *The People* v. *Newman*, 5 Hill, 295; *Finn* v. *Commonwealth*, 5 Randolph, 701, 708; *Wilbur* v. *Selden*, 6 Cow. 162; *Hobson* v. *Doe*, 2 Blackf. 308; *Chess* v. *Chess*, 17 Serg. and Rawle, 409; 4 Yates, 512; *Le Baron* v. *Crombie*, 14 Mass. 234; 2 Starkie's Ev. 894. Some of the authorities hold that, in a criminal proceeding, this kind of evidence is not admissible, although the witness be dead; but it is not necessary

for us here to decide this question. It is true, if a party, in any case, *spirits* away his adversary's witness, he ought not to profit thereby; or, at least, suitable penalties should be provided against such conduct, but it is for the legislature to correct the evil.

The court refused to instruct the jury on the part of the defendant, that he could not be convicted upon his mere confessions, made out of court, uncorroborated by facts or circumstances. The elementary books generally state the law to be, that confessions alone are sufficient to convict; yet it is believed no court would permit a conviction for felony upon mere confessions, made out of court, without some proof that a crime had in fact been committed, or of circumstances corroborating and fortifying the confession. The criminal law requires proof sufficient to satisfy the reason and judgment beyond a reasonable doubt of the guilt of the accused; and anything short of this will not justify a conviction. Mr. Justice Blackstone, in speaking of confessions not made upon due caution and deliberation, and to unauthorized persons, says: " they are the weakest and most suspicious of all testimony; ever liable to be obtained by artifice, false hopes, promises of favor, or menaces; seldom remembered accurately, or repeated with due precision; and incapable in their nature of being disproved by negative evidence." And the same author approves the rules laid down by Sir Mathew Hale: never to convict of larceny till the goods are proved to have been stolen; nor to convict of murder or manslaughter unless the body be found dead. 4 Black. Com. 357, 358 and 359. Experience has shown that confessions have sometimes turned out unfounded; that the weak, to avoid apparent impending peril, and under the force of surroundings, exciting apprehensions, and imaginary dangers, have been induced to state untruths which have produced their conviction of supposed crimes.

The humanity of the law will not tolerate a general rule which, in its operation, endangers the security of innocence, and is unsafe to life or liberty, in the administration of the law. Confessions proved are necessarily weak or strong evidence, according to the circumstances attending the making and the proving of them; and we think the only safe general rule is to require some other evidence corroborative of their truth.

Proof that the crime has been committed by some one is necessarily corroborative of a confession by the defendant that he committed the crime; for it establishes a fact essential to the guilt of the accused, and which would be included in the crime confessed. A great variety of facts usually attend, or are incidentally connected with, the commission of every crime. Proof

of any number of these facts and circumstances, consistent with the truth of the confession, or which the confession has led to the discovery of, and which would not probably have existed had the crime not been committed, necessarily corroborate it, and increase the probability of its truth. In this case, from the nature of the crime, proof of the *corpus delicti*, independently of the confession, except by the guilty participant, and, in fact, without proving also the defendant guilty of the crime charged, would be impossible. There is necessarily no victim—nothing visible or tangible, the subject or consequence of the wrong, capable of ascertainment and of proof. To require it would be to require, independently of the confession, proof of defendant's guilt. The corroborative evidence, therefore, must consist of facts or circumstances, appearing in evidence, independent of the confession, and consistent therewith, tending to confirm and strengthen the confession. Without proof, *aliunde*, mere confessions that the crime charged has been committed by some one, or of some fact or circumstance confirmatory of the confession, a party accused of crime cannot be found guilty, unless such confession be judicial or in open court. The instruction should therefore have been given.

It is the mere naked confession, uncorroborated by any circumstance inspiring belief in the truth of the confession, arising out of the conduct of the accused, or otherwise, we hold insufficient to convict; and the corroborating fact or facts in proof need not necessarily, independent of the confession, tend to prove the *corpus delicti*. 1 Greenleaf's Ev., Sec. 217; *State* v. *Guild*, 5 Halstead, 163, 185; *State* v. *Long*, 1 Haywood, 455; *The People* v. *Hennessey*, 15 Wend. 147; *The People* v. *Badgley*, 16 Wend. 53.

Judgment reversed and cause remanded.

*Judgment reversed.*