---

(No. 15972.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARE HOLMAN, Plaintiff in Error.

*Opinion filed June 17, 1924.*

CRIMINAL LAW—*what does not show due diligence to procure witness.* Evidence that the defendant and his brother wrote two or three letters addressed to a witness in a certain city where the witness had gone after he had testified on a former trial of the defendant, does not, of itself, show the exercise of due diligence to procure the presence of the witness, and the court may refuse to admit a transcript of the testimony of the witness on the former trial.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Carroll county; the Hon. FRANKLIN J. STRANSKY, Judge, presiding.

JOHN L. BREARTON, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, and JOHN R. CONNELL, State's Attorney, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a writ of error to the Appellate Court for the Second District. Plaintiff in error was indicted in the circuit court of Carroll county jointly with Albert Holman, his nephew, a boy of nineteen years, as owning and operating a still in which intoxicating liquors were made. Albert

Holman pleaded guilty. Plaintiff in error was first tried and convicted in November, 1921. The case was taken to the Appellate Court, and the judgment was reversed and the cause remanded because of error in the instructions. On re-trial plaintiff in error was again convicted, and the judgment entered on the second trial was by the Appellate Court affirmed.

On the first trial Albert Holman, after pleading guilty, testified that he, alone, was the owner of the still and was operating in or near the village of Thomson, in Carroll county, and that plaintiff in error was not interested in it. The jury evidently did not believe this testimony, as they found plaintiff in error guilty. On the second trial Albert Holman was not present, and plaintiff in error sought to introduce a transcript of his testimony on the ground that he was out of the jurisdiction of the court, not by procurement of the defendant, and that he could not be found. After examination of the plaintiff in error and others as to the absence of Albert Holman, the transcript of his former evidence was offered but its admission was denied. This is the only point in the case.

Plaintiff in error contends that *Bergen* v. *People,* 17 Ill. 426, frequently cited, holding such evidence inadmissible, is contrary to the general rule, and he asks that the rule be reviewed and said case overruled. In that case the testimony of a witness on preliminary hearing before a magistrate, concerning the offense for which Bergen was on trial, was permitted in evidence over Bergen's objection. The record contained evidence tending to show that Bergen had taken the witness out of the State to deprive the People of her testimony. The rule laid down there is as follows: "Where a witness has testified on a former trial of the same cause, or where the same matter was in issue between the same parties, and the witness has since died, what such witness swore to on the former occasion may be given in evidence. Here the witness was not dead but beyond the

jurisdiction of the court by the procurement of the defendant, and we think the rules of evidence do not permit, in such case, the admission of the testimony given on the former occasion." Numerous cases are cited in that opinion which plaintiff in error's counsel here argues are contrary to the greater weight of authority.

It is also urged that since there is no provision in the constitution or criminal statutes of the State which permits the taking of depositions in a criminal case, and since by reason of the examination of Albert Holman on the former trial, when the defendant was brought face to face with him, the constitutional provision concerning meeting the witness has been satisfied, therefore the defendant can waive the appearance of the witness, and that the better rule is that in such a case the transcript of testimony taken on a former trial of the case should be admitted in evidence and read to the jury. Counsel in his argument admits that it is necessary that due diligence in endeavoring to procure the attendance of such absent witness should be shown. The testimony concerning the attempt to procure the attendance of Albert Holman in this case consists of the statements of Frank Holman, his father, and of plaintiff in error. The former testified to the court, out of the presence of the jury, that he tried to find Albert; that Albert's last address was Cloverton, Minnesota; that witness wrote to him at that place, informing him that the second hearing of plaintiff in error's case was coming up and asking him to be present; that he got no reply to the letter. He stated that Albert went away shortly after the former trial and that he had received no letters from him since. According to this witness' testimony he wrote one letter. Plaintiff in error testified that he requested Frank Holman, the father, to write Albert asking him to come to the trial; that the witness had written to him twice,—once about six weeks prior to the hearing,—to Cloverton, Minnesota, and another time five or six days before the trial. He also tes-

tified that at the March term, 1923, he made an affidavit for continuance on the ground of the absence of Albert; that the cause was continued, in accordance with such motion, until the June term. This cannot be held to be the exercise of due diligence in procuring the presence of the absent witness. The father wrote one letter to Albert and plaintiff in error wrote two, addressed to Cloverton, Minnesota. They both state that Paul Haywood, who went away with Albert, lived at Cloverton. No evidence was offered tending to show that anyone at Cloverton was requested to secure the attendance of Albert or to give information as to his whereabouts. It does not appear that during the three months' interval between the March and June terms any other effort was made to get in touch with Albert. It cannot be said that the writing of two or three letters is sufficient diligence to procure the whereabouts and attendance of a witness.

Whether or not the rule adopted in this State should be changed, this record would not come within the rule contended for by plaintiff in error, which he admits is applicable only where there has been due diligence in attempting to procure the attendance of a witness who is outside the jurisdiction of the court. This being true, it is useless to discuss the holdings of the courts of different States on this matter with a view of determining whether or not the rule in this State should be changed. Since the decisions of the courts of last resort of the various States are not in harmony it would serve no useful purpose to discuss them, as upon this record the court did not err in refusing to admit a transcript of the testimony of Albert Holman, even though the rule should be changed in this State.

The judgment is affirmed.        *Judgment affirmed.*