*In re* R.D., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v. R.D., a Minor, Respondent-Appellant).

Second District   No. 2—87—0642

Opinion filed January 13, 1989.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

R.D. (respondent) was adjudicated a delinquent minor on June 13, 1986, pursuant to section 2—2 of the Illinois Juvenile Court Act of 1965 (Ill. Rev. Stat. 1985, ch. 37, par. 702—2) in that he had committed the offense of battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—3) and theft under $300 (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1)). The respondent was placed on probation until his seventeenth birthday, December 17, 1987.

While on probation, respondent was again adjudicated a delinquent minor, this time for criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(a)(1)), and placed on probation until his 21st birthday, December 17, 1991.

On March 6, 1987, the State filed an amended petition to revoke the respondent's probation alleging that he smoked marijuana on the property of his group home and that he refused to cooperate with the group home program. On June 25, 1987, at a hearing on the State's petition, the court found against the respondent on the allegation that he smoked marijuana. On June 29, 1987, the court revoked the respondent's probation and ordered him placed in the Juvenile Division of the Illinois Department of Corrections until his 21st birthday. The respondent filed a notice of appeal on July 13, 1987.

On appeal, respondent contends that the evidence was insufficient to revoke his probation. We affirm.

Pursuant to conditions of his probation, respondent was placed at the Seeds Group Home, which is a residential placement for juveniles in Winnebago County. Susan Schirger was the case manager and acted as a surrogate parent at Seeds during respondent's placement. Schirger testified that on February 5, 1987, at approximately 7 p.m., she observed respondent and two other residents exit the home and start smoking in the driveway. The two other residents were Lauren Disch and Travis Taylor. Schirger stated she observed the three residents smoking something from what appeared to be an aluminum foil pipe. She did not see anyone place anything into the object. She observed respondent hold the object to his mouth and inhale. As she approached, one of the residents, not the respondent, threw the object away. She did not observe where it landed, nor did she recover it at that time. Respondent blew smoke in her face. Schirger testified that she smokes cigarettes, and the smoke she smelled was not cigarette

smoke. She stated that the smoke had a sweet smell heavier than cigarette smoke. She ordered the residents into the home and approximately five minutes later she and a couple of residents went back outside and searched for the object. One resident, David Bowman, found the object within five feet of where the boys had been standing and gave it to Schirger. Schirger placed the object in her desk drawer. The substance in the tinfoil was moister, clumpier, and greener than tobacco from cigarettes. She testified that Ed Kuhlman, the director of programs at Seeds, disposed of the object in the garbage.

Schirger further testified that after ordering respondent and the residents back into the home, she asked them if they had "anymore marijuana on them," and respondent replied, "No." Schirger later testified that respondent replied either "That's all I had, I swear," or "That's all the pot I had, I swear. I don't have anymore."

Ed Kuhlman testified that the day after the incident, he spoke with respondent regarding the incident, and respondent stated that he brought the marijuana with him when he moved into the home.

Charlene Eschback, Barbara Howard, and Pam Carlson, case managers at Seeds, testified regarding the allegations that respondent refused to cooperate as separately alleged by the State. Howard testified that she reprimanded respondent for smoking outside the kitchen area of the home, where she observed respondent light a cigarette in the dining room. The reprimand resulted in a loss of smoking privileges for three days.

The court found that the State had proven, by a preponderance of the evidence, that respondent was smoking marijuana and that he did thereby violate the criminal statutes.

On June 29, 1987, a dispositional hearing was held. The trial court revoked respondent's probation and committed him to the Juvenile Division of the Department of Corrections. On July 13, 1987, notice of appeal was timely filed.

Respondent contends that the evidence was insufficient to sustain the State's burden of proof. Specifically, respondent contends that the State was required to prove the nature of the substance and that a chemical analysis of the substance was required to identify it as marijuana. Respondent also contends that any admission of his was insufficient to sustain the State's burden of proof absent independent corroboration.

We initially note that the finding of a trial court that a defendant has violated probation will not be reversed unless that finding is contrary to the manifest weight of the evidence. *People v. Crowell* (1973), 53 Ill. 2d 447, 451-52.

In *People v. Park* (1978), 72 Ill. 2d 203, our supreme court found that the evidence presented in that case was insufficient to sustain a criminal conviction for possession of cannabis. In that case, there was testimony that the defendant had admitted to possessing an envelope that contained marijuana. (72 Ill. 2d at 206.) There was also opinion testimony by a deputy sheriff that the substance in question was marijuana. (72 Ill. 2d at 207.) The deputy sheriff testified that he could identify marijuana by feel, smell, texture, and looks. (72 Ill. 2d at 207.) Further testimony by the deputy sheriff showed that on at least 40 other occasions he had handled what he believed to be marijuana. (72 Ill. 2d at 207.) The deputy sheriff testified that he had not been trained to identify marijuana, but was relying upon having seen what he believed to be marijuana on several occasions. 72 Ill. 2d at 207.

In addressing the case, the court initially found that the opinion testimony of the deputy sheriff should not have been admitted into evidence. (72 Ill. 2d at 211.) In so holding, the court noted that one study found that of samples morphologically identified as marijuana, only 85.6 percent of the samples were in fact marijuana. (72 Ill. 2d at 208, citing Stein, Laessig, & Indriksons, *An Evaluation of Drug Testing Procedures Used by Forensic Laboratories & the Qualifications of Their Analysts*, 1973 Wis. L. Rev. 727, 770.) The court concluded from this that identification of marijuana by feel, smell, sight, and touch was highly prone to error by anyone but an expert. (72 Ill. 2d at 208.) The court thus found that the testimony of the deputy sheriff should not have been admitted. 72 Ill. 2d at 211.

The court then went on to determine if the remainder of the evidence was sufficient to sustain the conviction. The court found that the subjective belief of the defendant that the substance contained cannabis was insufficient to prove actual identity of the substance beyond a reasonable doubt (72 Ill. 2d at 211-12.) The court noted that there was an absence of substantial evidence that the defendant had some means of knowing that the substance in question contained cannabis. (72 Ill. 2d at 212.) The court also noted that the admission of a defendant required substantial independent corroboration in order to support a conviction. 72 Ill. 2d at 212.

■ We find that in the instant case, the facts are so similar to *Park*, that were the burden of proof the same, we would be constrained to reverse the decision of the trial court. However, the burden of proof is not the same. In *Park*, the State was required to prove beyond a reasonable doubt that the defendant possessed cannabis (72 Ill. 2d at 211), whereas in a hearing to revoke probation, the State is required to prove a violation of probation only by a prepon-

derance of the evidence (Ill. Rev. Stat. 1985, ch. 37, par. 705—3(5)). We find that under a preponderance of the evidence, the finding of the trial court was not against the manifest weight of the evidence.

█ It has long been recognized that the out-of-court admission of a defendant standing alone is insufficient to support a conviction. (*Bergen v. People* (1856), 17 Ill. 426, 428-29.) The reason for this rule appears to be that out-of-court admissions have inherent weaknesses not associated with other testimony and that criminal law requires proof beyond a reasonable doubt. (See 17 Ill. at 428.) The result being that the law requires some other evidence corroborative of an admission's truth. (17 Ill. at 428.) However, it is evident that proof of the *corpus delicti* is not what is required. (17 Ill. at 429.) Rather, the independent proof need only "consist of facts or circumstances, appearing in evidence, independent of the confession, and consistent therewith, tending to confirm and strengthen the confession." 17 Ill. at 429.

█ In the instant case, the evidence clearly established that respondent was smoking some substance. Evidence concerning the nature of the substance was provided by statements of respondent. In response to questioning by Schirger whether respondent had more marijuana, respondent stated either "No," "That's all I had, I swear," or "That's all the pot I had, I swear. I don't have anymore." Further evidence showed that, when questioned by Ed Kuhlman about the incident, respondent stated that he brought the marijuana with him when he moved into the home. We find that the above replies of respondent were admissions that the substance was marijuana.

We need not determine whether these admissions alone would satisfy a preponderance of the evidence since other evidence lent credence to the admissions. There was testimony that the smoke was not that from cigarette tobacco and that it had a sweet smell which was heavier than cigarette tobacco. There was also testimony that the substance was greener than tobacco. Finally, when respondent and the two other residents were approached by Schirger, one of the other residents threw the pipe away thereby indicating that the pipe contained contraband. We thus find that all the evidence taken together was sufficient to show by a preponderance of the evidence that respondent was smoking marijuana. Again, we recognize that respondent's subjective belief that the substance was marijuana would not be sufficient to uphold a criminal conviction where the burden is upon the State to prove its case beyond a reasonable doubt. (See *Park*, 72 Ill. 2d at 211.) Nevertheless, we find that such evidence coupled with the corroborative evidence in this case is sufficient where the burden

is upon the State to prove its case by a preponderance of the evidence. Accordingly, we affirm the decision of the trial court.

Affirmed.

UNVERZAGT, P.J., and DUNN, J., concur.