790 P.2d 515
**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Rosemary SANCHEZ,**
**Defendant–Appellant.**

**No. 11720.**

Court of Appeals of New Mexico.

Feb. 13, 1990.

Certiorari Denied March 19, 1990.

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Ass't. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

DONNELLY, Judge.

Defendant appeals the district court's revocation of her probation. Three issues are raised on appeal: (1) whether the corpus delicti rule applies in probation revocation proceedings; (2) whether the violations of probation committed by defendant were waived by the state; and (3) whether there was sufficient evidence to support revocation of defendant's probation. The case was assigned to this court's summary calendar and our calendar notices proposed summary affirmance of the district court's revocation of probation. Defendant filed timely memoranda in opposition to all calendar notices. Not being persuaded by defendant's arguments, we affirm.

In February 1987, defendant was convicted of trafficking a controlled substance, heroin, contrary to NMSA 1978, Section 30–31–20 (Repl.Pamp.1989). In a separate case she pled guilty to possession of heroin, contrary to NMSA 1978, 30–31–23 (Repl. Pamp.1989), and escape from jail, contrary to NMSA 1978, Section 30–22–8 (Repl. Pamp.1984). She was sentenced to serve concurrent terms in the penitentiary on each of the offenses. However, all of the sentences were suspended, except 364 days to be served in the Lea County Detention Facility. Defendant was also placed on five years probation. In 1988, a probation revocation hearing was held based upon defendant's alleged violation of her conditions of probation. Following the hearing, the court continued probation at that time, and defendant's probation was transferred to Texas.

A second petition to revoke defendant's probation was filed by the district attorney in January 1989, alleging that defendant had violated condition number 12 of her probation, that she was not to use or possess any narcotic drugs or marijuana. A

hearing on the petition was held in June 1989. At this hearing, defendant's probation officer testified that defendant had admitted to him that she had used $25 worth of drugs on the previous day. Based on this evidence, the trial court revoked defendant's probation because she had violated condition number 12 of her probation.

## I. EVIDENCE OF CORPUS DELICTI

■ Defendant contends the court erred in revoking her probation and in relying upon evidence of her admission. The general rule in New Mexico is that the corpus delicti of an offense, or substance of an offense charged, cannot be sustained solely on extrajudicial confessions or admissions of the accused. *State v. Paris*, 76 N.M. 291, 414 P.2d 512 (1966). However, if independent evidence is introduced that tends to establish the trustworthiness of the extrajudicial confession, a conviction will be sustained. *Id.* In New Mexico, the corpus delicti rule has only been applied in criminal proceedings. *See, e.g., Doe v. State*, 94 N.M. 548, 613 P.2d 418 (1980); *State v. Buchanan*, 76 N.M. 141, 412 P.2d 565 (1966); *State v. Nance*, 77 N.M. 39, 419 P.2d 242 (1966), *cert. denied*, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967); *State v. Bejar*, 101 N.M. 190, 679 P.2d 1288 (Ct. App.1984); *State v. Maestas*, 92 N.M. 135, 584 P.2d 182 (Ct.App.1978). Defendant's appeal raises an issue of first impression in this jurisdiction concerning the application of the corpus delicti rule in probation revocation proceedings.

■ A hearing on revocation of probation or parole is not a criminal prosecution or a trial on a criminal charge; instead, it is a hearing to determine whether, during the probationary or parole period, defendant has conformed to or breached the course of conduct outlined in the probationary or parole order. *State v. Sanchez*, 94 N.M. 521, 612 P.2d 1332 (Ct.App.1980). Thus, the full rights owed a criminal defendant in a criminal prosecution do not apply in probation revocation proceedings, and only minimum due process requirements must be met. *Id. See also Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

While the issue presented is one of first impression in New Mexico, other jurisdictions have addressed the use of admissions or confessions in probation revocation hearings. In *Johnson v. State*, 378 So.2d 108 (Fla.Dist.Ct.App.1980), a case factually similar to the present case, the defendant admitted to his supervisor that he used heroin subsequent to the imposition of his probation. The defendant denied making the statement at the revocation hearing, but the trial court chose to believe the supervisor's in-court testimony about defendant's admission of heroin use, and revoked the defendant's probation on that basis. On appeal, the reviewing court upheld revocation of the defendant's probation, holding that the defendant's admission was not hearsay. *Id.*

In another Florida case, the District Court of Appeals held that as a matter of law, a defendant's own admissions of probation violations are sufficient to support revocation of probation. *See State ex. rel. Russell v. McGlothin*, 427 So.2d 280 (Fla. Dist.Ct.App.1983). The Florida court acknowledged that a confession, standing alone, is generally insufficient to support a criminal conviction. However, the court also noted that evidence sufficient to support a criminal conviction is unnecessary to sustain a probation revocation order. *Id.* at 282.

Similarly, in *Commonwealth v. Kavanaugh*, 334 Pa.Super. 151, 482 A.2d 1128 (1984), the court held that the corpus delicti rule is inapplicable in probation revocation proceedings. The court's reasoning was that the corpus delicti rule is only applicable in criminal prosecutions, and revocation of probation is not a stage of a criminal prosecution. *Id.*

Defendant argues that *In re R.D.*, 178 Ill.App.3d 681, 128 Ill.Dec. 33, 533 N.E.2d 1121 (1989), supports the adoption of the corpus delicti rule in probation revocation proceedings so as to preclude evidence of defendant's admissions. We disagree. While the court in *In re R.D.* did discuss the amount of evidence sufficient to revoke a defendant's probation, it did not reach the issue of whether or not the admissions of a

defendant alone could warrant the revocation of probation because there was other independent evidence supporting revocation. *Id.*

 We hold the reasoning adopted by the Pennsylvania and Florida courts to be persuasive in the present case and determine that the corpus delicti rule is inapplicable in probation revocation proceedings. We conclude that a trial court may revoke a defendant's probation based on defendant's extrajudicial admission that he or she violated the terms of probation. It is unclear on the facts before us whether defendant in the present case denied at the revocation hearing that she made the admission to her probation officer. However, even if she had done so at the hearing, the trial court, acting as the finder of fact, could properly weigh the evidence and the credibility of the witnesses. *See Johnson v. State.*

## II. WAIVER OF PROBATION VIOLATIONS BY STATE

Our calendar notices proposed to find that defendant had failed to show prosecutorial delay, indicating waiver of defendant's probation violations, according to the standard articulated in *State v. Chavez*, 102 N.M. 279, 694 P.2d 927 (Ct.App.1985). Defendant has failed to point out any error in law or fact in her third memorandum in opposition; therefore, we find no basis for defendant's claim of waiver of her probation violations by the state. *See State v. Sisneros*, 98 N.M. 201, 647 P.2d 403 (1982).

## III. SUFFICIENCY OF EVIDENCE TO REVOKE PROBATION

Lastly, defendant contends that because her admission concerning her drug use was the sole evidence upon which the trial court revoked her probation, there was insufficient evidence to support revocation. In light of our holding that a defendant's out-of-court or extrajudicial admissions of probation violations may properly support revocation of probation, we reject defendant's contention and determine that there was sufficient evidence to support the trial court's revocation of defendant's probation.

Defendant's revocation of probation is affirmed.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.