This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                         **No. 31,557**

**HECTOR CARBAJAL,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
J.K. Theodosia Johnson
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals the district court's order revoking his probation and imposing judgment and sentence. We proposed to affirm in a notice of proposed summary disposition, and Defendant filed a memorandum in opposition to our proposed disposition and a motion to amend the docketing statement. Having considered the arguments raised by Defendant in his memorandum and motion and remaining unpersuaded, we affirm the district court's order and deny Defendant's motion to amend his docketing statement.

In his docketing statement, Defendant challenged the revocation of his probation, claiming there was insufficient evidence for the district court to find that he materially violated the terms of his probation. [DS unnumbered page 2] In a probation revocation proceeding, the State bears the burden of establishing a probation violation with reasonable certainty. *See State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. To satisfy its burden, the State must introduce proof which would incline "a reasonable and impartial mind" to believe that the defendant violated the terms of probation. *Id.* (internal quotation marks and citation omitted). On appeal, we review the district court's decision to revoke probation for an abuse of discretion. *Id*.

In our notice of proposed summary disposition, we proposed to affirm because testimony was introduced at the probation revocation hearing that Defendant failed

to provide a requested urine sample on May 27, 2010, and admitted to using methamphetamine. [DS 1; RP 122] Testimony was also introduced that Defendant had taken a urine test on October 12, 2010, which tested positive for methamphetamine. [DS 1; RP 122] Evidence was introduced showing that Defendant had signed an admission form admitting to using methamphetamine. [DS 1; RP 122]

In his memorandum in opposition, Defendant claims that the probation officer did not see Defendant sign the admission form. [MIO 1, 3] He further contends that the probation officer never "saw" his dirty urine test. [MIO 1, 3] He makes these claims pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 4]

We are not convinced that either of Defendant's assertions warrant reconsideration of our proposed disposition to affirm. First, the district court could believe Defendant's probation officer that Defendant refused to provide a requested urine sample on May 27, 2010. Furthermore, the district court could believe the probation officer's testimony that Defendant admitted to using methamphetamine and disbelieve any of Defendant's contentions that he did not sign the admission forms. [MIO 3] *See State v. Sanchez*, 109 N.M. 718, 720, 790 P.2d 515, 517 (Ct. App. 1990) (holding that the defendant's probation could be revoked based on her admission to her probation officer that she violated the terms and conditions of her probation and,

3

even if the defendant "denied at the revocation hearing that she made the admission to her probation officer. . . . the trial court, acting as the finder of fact, could properly weigh the evidence and the credibility of the witnesses").

Based upon the foregoing, and the analysis contained in our notice of proposed summary disposition, we conclude that there was sufficient evidence for a reasonable mind to believe that Defendant violated the terms and conditions of his probation, and thus the district court was authorized to revoke Defendant's probation.

**Motion to amend the docketing statement**

Defendant seeks to amend his docketing statement to contend that the district court improperly enhanced his sentence. [MIO 1, 4-5] He raises this issue pursuant to *Franklin*, 78 N.M. at 129, 428 P.2d at 984, and *Boyer*, 103 N.M. at 658-60, 712 P.2d at 4-6. [MIO 2]

Under Rule 12-208(F) NMRA, this Court "may, upon good cause shown, allow the amendment of the docketing statement." This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). We deny the motion to amend because it fails to raise a viable issue.

Defendant claims that after revoking his probation, the district court erred in sentencing him as an habitual offender because he had a reasonable expectation that his sentence was final. [MIO 4] He argues that his expectation of finality was reasonable because he contends that his probation was revoked on the last day of probation. [MIO 5] We disagree.

First, we are not convinced that Defendant's probation was revoked on the last day he was to serve because Defendant has failed to inform us how this contention is supported in the record, and our review of the record fails to support Defendant's contention. [MIO 5; RP 162] Thus, we need not consider this argument. *See State v. Garcia*, 2009-NMCA-107, ¶ 23, 147 N.M. 150, 217 P.3d 1048 (stating that we do not consider arguments if the defendant fails to cite record support).

Moreover, even assuming that Defendant's probation was revoked on the last day, we are not convinced the district court erred in sentencing him as an habitual offender based on Defendant's alleged expectation as to the finality of his sentence because any such expectation was not reasonable. The record indicates that at the time he entered his plea, Defendant knew the State would seek to enhance his sentence as an habitual offender if he violated probation. [RP 57] In the repeat offender plea and disposition agreement, Defendant acknowledged his prior convictions and stated that he understood that he would be subject to being sentenced as an habitual offender

if he violated the law before completing any period of probation or parole. [RP 56-57, 76] Therefore, we are not convinced that Defendant's sentence as an habitual offender violated his reasonable expectation of finality in his sentence. *See State v. Villalobos*, 1998-NMSC-036, ¶¶ 10-13, 126 N.M. 255, 968 P.2d 766 (holding that the defendant on probation after serving his basic sentence had no reasonable expectation of finality in his sentence, because in his plea agreement, he acknowledged that if he violated the terms of his suspended sentence, he would be subject to habitual-offender enhancement).

In light of the foregoing, we deny Defendant's motion to amend his docketing statement because he has failed to raise a viable issue.

**Conclusion**

Based upon the foregoing, and the reasons set forth in our notice of proposed summary affirmance, we affirm the order revoking Defendant's probation and imposing judgment and sentence in this matter. We deny Defendant's motion to amend his docketing statement.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

6

**E CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**