This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                                       **No. 35,623**

**JOSHUA BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Defendant appeals from the revocation of his probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we uphold the revocation of Defendant's probation.

{2}     The pertinent background information was previously set forth. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}     Defendant renews his argument that the State failed to prove that he violated the terms and conditions of his probation by committing the offense of shoplifting. [MIO 5-6] However, as we previously observed, the State met its burden of proof by presenting the eyewitness testimony of the loss prevention officer. [CN 2-3; MIO 2-3] Although Defendant continues to assert that he did not participate in the shoplifting, contending that his girlfriend committed the offense alone, [MIO 6] the district court as finder of fact was not required to credit that testimony. *See generally State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("The fact finder may reject defendant's version of the incident."); *State v. Sanchez*, 1990-NMCA-017, ¶ 10, 109 N.M. 718, 790 P.2d 515 (observing that while acting as the finder of fact at a probation revocation proceeding, the trial court could properly weigh the evidence and

the credibility of the witnesses), *abrogated on other grounds by State v. Wilson*, 2011-NMSC-001, 149 N.M. 273, 248 P.3d 315 (2010), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110 (2012).

{4}     For the foregoing reasons, we affirm.

{5}     **IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**TIMOTHY L. GARCIA, Judge**