This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40627**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHRISTOPHER CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     This matter was submitted to the Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from an order revoking his probation and imposing the remainder of his sentence. [RP 154-58] He asserts that there was insufficient evidence of either his drug use or failure to report to establish that he violated the terms of his probation. [BIC 6-7] "We review a district court's revocation of a defendant's probation for an abuse of discretion." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "In a probation revocation proceeding, the State bears the burden of establishing a probation violation with a reasonable certainty." *Id.* "To meet this burden, the [s]tate must introduce evidence that a reasonable and impartial mind would be inclined to conclude that the defendant has violated the terms of probation." *Id.*

**{3}** According to Defendant's brief in chief, the following material evidence was presented at the revocation hearing. A probation officer testified that despite numerous attempts to get Defendant to report to the probation office, Defendant failed to do so. [BIC 2-3] Subsequently, an arrest warrant was issued for Defendant. [BIC 3-4] On the day Defendant was arrested, another probation officer went to the jail to drug test him. [BIC 4] At that time, "[Defendant] admitted to using THC/marijuana and fentanyl and completed an admission form." [BIC 4; RP 137] The admission form, signed by Defendant, stated that Defendant smoked THC/marijuana and ingested fentanyl. [RP 137] The district court found that the State presented "evidence to a reasonable certainty that [Defendant] . . . used THC or marijuana and fentanyl." [BIC 4; RP 154, 130] Defendant asserts that the finding "[he] ingested drugs . . . depended entirely on the admission form." [BIC 6]

**{4}** Defendant argues that his admission form, alone, without scientific evidence or any other evidence to corroborate his admission to drug use, was insufficient to establish he violated the terms of his probation. [BIC 6] However, this Court has previously held that evidence similar to what was presented in this case was sufficient to support the revocation of probation. In *State v. Sanchez*, a probation officer testified that the defendant had admitted to using drugs, which was a violation of the terms of her probation. 1990-NMCA-017, ¶ 3, 109 N.M. 718, 790 P.2d 515, *abrogated on other grounds by State v. Wilson*, 2011-NMSC-001, 149 N.M. 273, 248 P.3d 315, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. *Sanchez* determined that the corpus delicti rule does not apply in probation revocation proceedings and "conclude[d] that a trial court may revoke a defendant's probation based on defendant's extrajudicial admission that he or she violated the terms of probation." *Id.* ¶ 10. This Court then held that the defendant's admission to her probation officer was sufficient to support the district court's revocation of probation. *Id.* ¶ 12.

**{5}** Accordingly, we conclude that Defendant's admission to smoking THC/marijuana and ingesting fentanyl was sufficient evidence to establish that he violated the terms of his probation and that the district court did not abuse its discretion in revoking his probation. *See id.* ¶¶ 3, 12.

**{6}** To the extent Defendant argues there was insufficient evidence that he failed to report to his probation officer, we conclude that we need not reach this issue. This Court

need not address the sufficiency of the evidence to support multiple violations of the terms of a defendant's probation because "if there is sufficient evidence to support just one violation, we will find the district court's order was proper." *Leon*, 2013-NMCA-011, ¶ 37. Our holding that Defendant's admission to using drugs is sufficient to affirm the district court.

**{7}** For the forgoing reasons, we affirm the district court's order revoking Defendant's probation.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**