This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39839**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**CHRISTOPHER JOSEPH MARTINEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela Jewell, District Court Judge, Pro Tem**

Raúl Torrez, Attorney General
Lindsay Stuart, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from the district court's order finding that Defendant had violated the terms of his probation. We affirm.

**{2}** Proof of a probation violation need only be established by a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation. *See State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28

P.3d 1143. We review the district court's order under an abuse of discretion standard. *State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321.

**{3}** The State filed a motion to revoke probation based, in part, on Defendant's alleged admission to using an illegal drug. At the evidentiary hearing on the motion, Defendant's probation officer testified that Defendant had admitted to using methamphetamine two days before reporting for drug testing. Defendant also testified at the hearing and denied the admission, stating that he had admitted to using methamphetamine two days prior to drug testing in a previous case back in 2017, not the current case. Acting as the fact-finder, the district court found the probation officer's testimony credible and Defendant's testimony not credible. The district court concluded that the evidence presented was sufficient to find that Defendant had violated the probation term prohibiting the use of illegal drugs.

**{4}** Defendant notes that the probation officer's testimony was the sole evidence introduced to show that Defendant had violated the terms of his probation by using methamphetamine. Defendant points to his own explanation for the statement and maintains that the probation officer misunderstood his response. However, it was for the district court to evaluate the testimony and this Court will not substitute its judgment as to the credibility of witness testimony. *State v. Armijo*, 2005-NMCA-010, ¶ 4, 136 N.M. 723, 104 P.3d 1114 (stating that "it is for the fact-finder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence"); *see also State v. Sanchez*, 1990-NMCA-017, ¶ 10, 109 N.M. 718, 790 P.2d 515 (same, in the context of a probation revocation proceeding), *abrogated on other grounds by State v. Wilson*, 2011-NMSC-001, 149 N.M.273, 248 P.3d 315.

**{5}** Defendant also argues that additional scientific or other evidence was necessary. Defendant notes that "he made neither a written admission nor an unequivocal statement at the hearing acknowledging use of methamphetamine" in an attempt to distinguish this case from others in which the defendant admitted in open court to violating a condition of probation. *See State v. Leyba*, 2009-NMCA-030, ¶ 15, 145 N.M. 712, 204 P.3d 37. However, this Court has previously held that witness testimony of a defendant's extrajudicial admission is admissible and may be sufficient to support a court's finding that the defendant violated the terms of probation. *See Sanchez*, 1990-NMCA-017, ¶¶ 3, 10 (holding that "a trial court may revoke a defendant's probation based on defendant's extrajudicial admission that he or she violated the terms of probation"). Accordingly, the probation officer's testimony in this case was sufficient evidence to establish the violation, and as we have discussed, that testimony was credited by the district court as credible.

**{6}** The record of the revocation hearing contains sufficient evidence to support the district court's conclusion that Defendant had violated the terms of his probation. Because the district court's decision was justified by sufficient evidence and reason, we find no abuse of discretion.

**CONCLUSION**

**{7}** For the foregoing reasons, we affirm the district court's order.

**{8}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**