This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42419**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL L. RUSSELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela Jewell, Pro Tem, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Sarah M. Karni, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Anne Amicarella, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, the answer brief, and the reply brief, we affirm for the following reasons.

**{2}** The district court revoked Defendant's probation. [2 RP 344-45] On appeal, Defendant challenges the sufficiency of the evidence supporting the district court's revocation of his probation. [BIC 14] Specifically, Defendant asserts that his violations of his probation were not willful. [Id.]

**{3}** Proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. "The burden of proving a violation with reasonable certainty lies with the [s]tate." *Id.* "Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non[]compliance." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 (internal quotation marks and citation omitted).

**{4}** "We review [the] district court's decision to revoke probation under an abuse of discretion standard. To establish an abuse of discretion, it must appear the district court acted unfairly or arbitrarily, or committed manifest error." *Green*, 2015-NMCA-007, ¶ 22 (alterations, internal quotation marks, and citation omitted). We "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258.

**{5}** The district court found that Defendant willfully violated three conditions of his probation: (1) the requirement to report to his probation officer; (2) the requirement to attend counseling; and (3) the requirement to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2013). [BIC 3; AB 7] "[A]lthough [the d]efendant challenge[d] the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper." *Leon*, 2013-NMCA-011; *see also id.* ¶ 37 (noting that "[w]hen [the d]efendant signed his order of probation, he was advised that under the law of the Court, it may at any time during the probation term issue a warrant for his arrest and his probation may be revoked if he violated any one of the conditions of the [c]ourt order" (alterations, internal quotation marks, and citation omitted)). Consequently, we decline to address Defendant's contentions concerning the violation of his probation conditions requiring that he attend counseling and that he register under SORNA because we conclude that the district court did not abuse its discretion in finding that Defendant failed to report and that he did so willfully. *Cf. State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 ("If the [district] court finds that [the defendant's] failure to comply was not willful, but resulted from factors beyond his control and through no fault of his own, then probation should not be revoked.").

**{6}** At the adjudicatory hearing, the district court took judicial notice of a prior order of probation filed on February 17, 2023, and there was no objection. [5-8-24 CD 10:01:20-41] The probation order was signed by Defendant, and required, in part, that Defendant report to his probation officer as often as required. [1 RP 216-18] During his cross-examination, Defendant testified that he remembered the judge telling him after a prior

probation violation that he needed to follow his probation conditions. [5-8-24 CD 11:09:25-32]

**{7}** Defendant's probation officer testified that Defendant was informed of his probation obligations, his obligation to report, and that he had signed the order of probation. [5-8-24 CD 10:04:25-28, 10:06:19-23; BIC 3] Following his release from the Metropolitan Detention Center (MDC) on August 3, 2023, Defendant never checked in with his probation officer, but did call the probation office's response center to say he was going to the Veterans Administration (VA) hospital. [5-8-24 CD 10:06:32-53] Defendant made no further attempts at communication with the probation office, although the probation officer testified that if Defendant had access to the VA hospital he would have had access to a phone. [5-8-24- CD 10:07:00-13, 10:12:50-57]

**{8}** Defendant testified that, after his release from MDC, he went to the VA hospital for treatment for a skin infection and that he was on medication that made him drowsy. [BIC 8-9] Defendant was able to obtain a room across the street from the VA hospital at the Sahara, a former motel that was being converted into apartment living. [Id.] Because Defendant was a wheelchair user, someone would wheel him back and forth between his room at the Sahara and the VA hospital for treatment. [Id.] Defendant testified that he had a traumatic brain injury that impacted his memory, and that he used a notebook to keep track of things. [5-8-24 CD 11:08:00-56; AB 15] Defendant was arrested on August 25, 2023, at the Sahara, more than three weeks after his initial attempt to contact his probation officer. [5-8-24 CD 10:08:00-50; BIC 3]

**{9}** Defendant argues that his failure to report was not willful because of his "apparent cognitive and physical impairment[s]." [BIC 18] We note that much of Defendant's contentions appear to focus on the probation office's failure to locate Defendant despite their knowledge that he was at the VA hospital. [BIC 18-20] However, Defendant does not provide us with any authority indicating that this was required or that it was not Defendant's responsibility to report to his probation officer as evidenced by the order of probation. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). In terms of Defendant's contentions that the medications, his physical condition, and his traumatic brain injury impacted his ability to willfully comply with his probation conditions, it was for the district court to determine whether to credit that testimony and find that it excused noncompliance, which the district court did not do. *See State v. Sanchez*, 1990-NMCA-017, ¶ 10, 109 N.M. 718, 790 P.2d 515 (observing that while acting as the finder of fact at a probation revocation proceeding, the trial court could properly weigh the evidence and the credibility of the witnesses), *abrogated on other grounds by State v. Wilson*, 2011-NMSC-001, 149 N.M. 273, 248 P.3d 315, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

**{10}** The other evidence at the adjudicatory hearing demonstrated that Defendant was aware he needed to contact his probation officer, and that he willfully failed to do so.

Defendant's initial phone call to the response center on August 3 was sufficient in itself for the district court to make such a finding. However, we note that the district court could have also found that Defendant was aware of the requirement to report based on the testimony of his probation officer indicating as such, the district court taking judicial notice of the probation order that required him to report, and Defendant's own admission. In addition to the phone call made by Defendant to the response center, the district court could have also found Defendant willfully failed to report based on the probation officer's testimony that Defendant would have had access to a phone at the VA hospital and did not contact his probation officer for more than three weeks after being released from the MDC. *See also State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 (noting that willfulness is generally presumed upon proof of a probation violation), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249

{11}   This Court has previously affirmed the district court's revocation of probation based on a defendant's single, unsuccessful attempt to notify a probation officer of an arrest. *See Martinez*, 1989-NMCA-036, ¶¶ 6-11 (concluding that the evidence was sufficient to support the revocation of probation, notwithstanding the defendant's assertion that he failed to report his arrest because he was initially constrained from so doing and later believed it was too late, but he did nothing after an unsuccessful initial attempt to notify his probation officer). In light of our standard of review, we similarly conclude that the district court in this case did not abuse its discretion. Defendant willfully failed to report when he made no attempt to contact his probation officer after the initial call to the response center. *See id.* ¶ 8 (holding that the district court is within its discretion to revoke a defendant's probation when the defendant fails to carry his or her burden of showing that the failure to comply with the probation conditions was not willful). Indeed, although there was no such testimony at the adjudicatory hearing, we note that Defendant acknowledged at the hearing on his subsequently filed motion for reconsideration that he should have made another attempt to contact his probation officer. [7-24-24 CD 2:05:26-40] We therefore affirm the district court's revocation of Defendant's probation.

{12}   IT IS SO ORDERED.

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**ZACHARY A. IVES, Judge**