2003-NMCA-026

62 P.3d 1231

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Anthony L. JIMENEZ, Defendant– Appellant.**

**No. 22,807.**

Court of Appeals of New Mexico.

Dec. 4, 2002.

Certiorari Granted, No. 27,848, Jan. 23, 2003.

Patricia A. Madrid, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Sheila Lewis, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

BUSTAMANTE, Judge.

{1} This matter came on for hearing on Defendant's Motion for Reconsideration. The Motion is granted. The opinion filed on October 30, 2002, is withdrawn and the following substituted.

{2} Defendant appeals an order revoking his probation and imposing the remainder of his sentence. He contends that the State failed to prove that the man who appeared at the revocation hearing was the same person who had pleaded guilty, had been placed on probation, and who was named in the probation violation report. He also argues that he should have been given credit on his sentence for the time that he purportedly spent on probation. We hold that Defendant's identity was adequately proven. However, we do not address Defendant's claim for credit on his sentence as the issue was not properly preserved below.

## BACKGROUND

{3} Anthony Jimenez was charged with burglary and forgery in August of 1998. On March 5, 1999, he pleaded guilty to the burglary charge and was placed on probation. Over four months later, on July 16, 1999, his probation officer filed a violation report stating that Anthony Jimenez had not kept any of his appointments and that she had been unable to locate him at his last known address or by telephone. A bench warrant was issued but for some unknown reason, the State failed to properly process the warrant in that it was not provided to law enforcement authorities or placed of record with warrant data banks.

{4} Two years later, Defendant was arrested in El Paso, Texas on other charges. The State requested that a new warrant be issued in order to return him to New Mexico. A new warrant was issued and Defendant

was taken into custody on May 21, 2001. Defendant was released the next day on bond, but again failed to report to his probation officer. As a result, the probation officer filed an addendum to her original probation violation report.

{5} A probation revocation hearing was conducted on August 23, 2001. Defendant was present with his counsel. The State called only one witness, Defendant's probation officer. She testified to the facts in her report: that Anthony Jimenez had been sentenced and ordered to report to her, that he failed to do so, and that she had been unable to locate him. She was unable to identify the man seated at counsel table as the Anthony Jimenez who was supposed to report to her because she had never seen him before that moment. The State did not present testimony or evidence that the man in the courtroom was the same person who had pleaded guilty and been placed on probation.

{6} Defense counsel argued that the State had failed to prove Defendant's identity. The trial court indicated that counsel's announcement in open court that he represented Mr. Jimenez, who was in court that day, was sufficient proof of identity. The trial court determined that Defendant had violated his probation and the balance of his three-year sentence was imposed, with credit given for pre-sentence confinement, but none for time while placed on probation between his original sentencing and arrest.

## DISCUSSION

### A. Identity

{7} Defendant argues that the State "failed to prove that the man who appeared in court with defense counsel at the probation revocation hearing was the same person who pled guilty and was named in the probation violation report." "We review the trial court's decision to revoke probation under an abuse of discretion standard." *State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct.App.1989). In order to establish an abuse of discretion, "it must appear the trial court acted unfairly or arbitrarily, or committed manifest error." *Id.*

{8} In advancing his argument regarding identity, Defendant cites to a number of federal authorities stating that identification of the defendant as the person who committed the underlying crime is always an essential element of the case, which the government has the burden of establishing beyond a reasonable doubt. *See U.S. v. Fenster*, 449 F.Supp. 435, 439 (E.D.Mich.1978) (mem.); *U.S. v. Telfaire*, 469 F.2d 552, 559 (D.C.Cir.1972). We recognize that identity is a critical component of criminal proceedings and that the State is required to show that the person sitting in the courtroom is the person who committed a criminal offense outside the courtroom. Even in criminal proceedings, identification does not absolutely require in-court identification by a witness; it can be inferred from facts and circumstances that are in evidence. *See United States v. Alexander*, 48 F.3d 1477, 1489–90 (9th Cir.1995). In any event, we do not find Defendant's cases persuasive because they all involve criminal charges and not probation revocation proceedings.

{9} Since the United States Supreme Court's holding in *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that probation hearings are "not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply," New Mexico courts have developed a body of law describing how hearings on probation revocation petitions will proceed. We have made it clear that there are critical differences between criminal trials and probation revocation hearings. *See State v. Sanchez*, 109 N.M. 718, 719, 790 P.2d 515, 516 (Ct.App. 1990); *State v. Sanchez*, 94 N.M. 521, 523, 612 P.2d 1332, 1334 (Ct.App.1980). These differences are reflected in the informality of the hearing, the rights accorded the probationer, and the standard of proof required. Here, the issue is whether there was sufficient proof showing that the person present at the hearing was the probationer.

{10} The standard of proof in a probation revocation proceeding is simply proof "which inclines a reasonable and impartial mind to the belief that defendant had violated the terms of probation.'" *State v. Sanchez*, 2001–NMCA–060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (quoting *State v. Pacheco*,

85 N.M. 778, 780, 517 P.2d 1304, 1306 (Ct. App.1973)). In order to prove that Defendant violated his probation, the State was required to show to a reasonable probability that the defendant in CR–98–630 failed to report to the probation officer as required, and that the person in court at the probation revocation hearing was the same person who was required to report.

{11} In this case, there is no question that the defendant in CR–98–630 failed to report to the probation officer as required. The probation officer testified that no one reported to her. The question is therefore whether the person in court at the probation revocation hearing was the same person required to report. Defendant contends there was no evidence to show that. We disagree.

{12} Defendant voluntarily appeared in court, stepped forward when the probation revocation case was called and sat next to defense counsel throughout the hearing. Counsel stated on the record that he represented Defendant in the proceeding and that Defendant was present. These actions, however tacit, indicate Defendant was present to answer the allegation that he violated his probation and that his counsel was authorized to speak for him. In the context of probation revocation hearings, we do not believe that more is required to show that the person in court is the same person who had been required to report in CR–98–630.

{13} We find the case of *People v. Perez,* 30 Cal.App.4th 900, 36 Cal.Rptr.2d 391 (1994), to be instructive on this issue. In *Perez,* defendant appealed his probation revocation arguing that the state had not adequately established his identity as the probationer. The California Court of Appeals ruled that the state was not required to affirmatively prove Perez's identity and instead determined that the trial court in its discretion may dispense with such proof unless the Defendant somehow indicates it as an issue. *Id.* at 394. The court pointed out that the person conducting the revocation hearing is given a great deal of "latitude in deciding the order of proof and the evidence to admit." *Id.* (quoting Neil P. Cohen &

James J. Gobert, *The Law of Probation and Parole* 435 (1983)).

{14} The California court determined that the issue of identity should best be raised at the arraignment on the probation violation. *Id.* at 394–95. The court observed that a person before the court on arraignment "has no basis upon which to admit or deny the petition" if that person is not the probationer. *Id.* at 394. The court pointed out, and we agree, that "it is extremely unusual for the wrong person to arrive at a violation hearing." *Id.* As a result, the court determined that it was best to deal with identity problems at the arraignment level and that the state was not required to formally prove identity at the revocation hearing.

{15} Here, Defendant was not in custody prior to the date of his probation revocation hearing and was instead sent a summons to appear for arraignment. Defendant voluntarily appeared at his arraignment on the probation violation and indicated that he understood the nature of the charges against him. Although he denied the charges at this point, he did not deny that he was the probationer. A notice of revocation hearing was sent to Defendant's attorney, and Defendant again voluntarily appeared at the hearing. Defendant thereby established no material issue as to his identity as the probationer and, by his own actions, admitted his status as the probationer in this case. *See Kent v. State,* 809 S.W.2d 664, 666 (Tex.Ct.App.1991); *Pettit v. State,* 662 S.W.2d 427, 429 (Tex.Ct. App.1983).

{16} Defendant further argues that he never made any verbal admission. He argues that by relying on his conduct in failing to assert that he was not the probationer, the State is forcing defendants to speak up during trial. Defendant's argument, however, does not consider that probation revocation hearings are very different from criminal proceedings. As discussed above, the proceedings, and the level of proof required, are both informal. We believe that relying on the probationer's actions to show identity comports with the informality of the proceedings, while still satisfying the requirement that there be proof sufficient to incline a reasonable and impartial mind to believe the defendant has violated the terms of probation to which he was sentenced. To

require the State in all revocation hearings to include a ritualistic proof of identity is unnecessary.

{17} We hold that the trial court did not abuse its discretion in determining that there was adequate proof of identity in order to support the revocation of Defendant's probation.

## B. Credit for Time Served on Probation

{18} Defendant next contends that he was entitled to credit for time served on probation. Defendant argues that this credit should be applied from the time that he was sentenced to probation until he was finally arrested on the probation violation. We have previously stated that questions of credit due and whether Defendant was a fugitive involve factual issues that must be raised and resolved in the trial court. *See State v. Kenneman*, 98 N.M. 794, 798, 653 P.2d 170, 174 (Ct.App.1982) (noting that where a defendant's fugitive status was never raised in the trial court, this Court will not reach the issue).

{19} Defendant admits that the issue was not raised below. He claims, however, that the sentence was illegal and, thus, the issue can be raised for the first time on appeal. *See State v. Sinyard*, 100 N.M. 694, 695, 675 P.2d 426, 427 (Ct.App.1983) (pointing out that a claim that the sentence is unauthorized by statute is jurisdictional and may be raised for the first time on appeal). Alternatively, he contends that the issue can be addressed as fundamental error. *See State v. Thomas*, 113 N.M. 298, 300, 825 P.2d 231, 233 (Ct.App. 1991) (considering an issue regarding credit for probation and whether the defendant was a fugitive as a matter of fundamental error).

{20} Defendant's argument that the sentence was illegal is not persuasive. An illegal sentence is one that is not authorized by statute and not within the trial court's competency to act. *See State v. Dominguez*, 115 N.M. 445, 456, 853 P.2d 147, 158 (Ct.App.1993). Here, the trial court was authorized to deny Defendant credit under certain circumstances. *See* NMSA 1978, § 31–21–15(C) (1989). Therefore, the sentence without any credit was within the sentencing

authority of the trial court and cannot be deemed illegal. *See State v. McDonald*, 113 N.M. 305, 307, 825 P.2d 238, 240 (Ct.App. 1991) (holding that a sentence is not illegal if it was authorized by law and refusing to apply a fundamental error analysis regarding the denial of credit based on the record in the case).

{21} We similarly disagree with Defendant's claim that the failure to give credit was fundamental error. The doctrine of fundamental error exists to protect "those whose innocence appears indisputably, or open to such question that it would shock the conscience to permit the conviction to stand." *State v. Cunningham*, 2000–NMSC–009, ¶ 13, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted).

{22} In *Thomas*, this Court determined that the trial court's implicit determination that the defendant was a fugitive was not sufficiently supported by the record. In that context, we held that denying the defendant credit would constitute fundamental error, as probationers are entitled to credit unless classified as fugitives. In *McDonald*, we refused to address the credit issue as fundamental because defendant was a fugitive—as a matter of necessity—during the time he was incarcerated in Arizona and thus not subject to arrest on New Mexico warrant. *McDonald*, 113 N.M. at 308, 825 P.2d at 241.

{23} We believe the record here can reasonably be read to support a finding that Defendant was a fugitive. He was placed on probation and spoke twice to his probation officer who impressed on him the importance of reporting. Despite that contact Defendant never reported to the probation office. Thereafter the probation officer tried, but was unable to locate Defendant. It further appears Defendant initially provided a false address and telephone number. A warrant for his arrest was issued but the State failed to act on the warrant.

{24} By failing to give credit, the trial court made an implicit finding that the warrant would not have been able to be served despite the exercise of due diligence or that an attempt to serve it would have failed. *Id.* We believe the trial court's implicit decision is reasonable given this record. Given De-

**354**

fendant's obvious and utter failure to comply with his probation obligations we do not view this case as raising a substantial question as to the basic fairness of the process provided Defendant. Therefore, we will not address the issue as fundamental error.

{25} Because Defendant failed to preserve the issue with regard to credit against his sentence for that period of time that he was placed on probation, we do not address it. Defendant can pursue his request for credit in a habeas proceeding. *See State v. Hernandez,* 97 N.M. 28, 31, 636 P.2d 299, 302 (Ct.App.1981) (pointing out that defendant should raise his unpreserved issue of probation time credit in post-conviction proceedings).

## CONCLUSION

{26} We hold that there was sufficient proof of Defendant's identity as the probationer in this case. Defendant's claim for credit against his sentence was not preserved. Therefore, we do not address it. The revocation of probation and reinstatement of sentence is affirmed.

{27} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, and CELIA FOY CASTILLO, Judge.