**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                              **No. 28,771**

**RANDELL SIMS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Chief Judge.**

Defendant appeals the revocation of his probation. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a combined motion to amend the docketing statement and memorandum in opposition. After due

consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

We will begin with the motion to amend. Such a motion will only be granted upon a showing that the supplemental issue is viable. *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989) (providing that issues sought to be presented must be viable), *superseded by rule as stated in State v. Salgado*, 112 N.M. 537, 538, 817 P.2d 730, 731 (Ct. App. 1991). By his motion to amend, Defendant argues that the probation revocation proceedings were not conducted in a timely fashion, within the mandates of Rule 5-805 NMRA. [MIO 2-10] We conclude that this issue is not viable.

Rule 5-805(L) provides that probation revocation proceedings "shall be dismissed with prejudice" if an adjudicatory hearing is not held within the prescribed time limit. Subpart (H) specifies that an adjudicatory hearing must commence within sixty days after an initial hearing is conducted.

Although the record proper is not entirely clear about the course of the proceedings below, it appears that an initial hearing was conducted on December 12, 2007. [RP 73] *See generally State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (holding that where the record is doubtful or deficient, "every

2

presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment" (internal quotation marks and citation omitted)). The adjudicatory hearing was subsequently conducted on January 9, 2008. [RP 76-77] Because the adjudicatory hearing was conducted well within the allotted sixty-day time frame, Rule 5-805 provides no basis for dismissal of the proceedings.

We understand Defendant to suggest that the prosecutor's failure to file a motion to revoke within five days after receiving the report of violation, as well as the district court's apparent failure to conduct the initial hearing within thirty days after the date of arrest, should have provided grounds for dismissal of the proceedings. [MIO 2-3, 6, 8-10] However, the provision for dismissal is limited to situations in which "adjudicatory hearings" are not timely conducted. *See* Rule 5-805(L). There is no provision in Rule 5-805 for dismissal of cases such as this, where deadlines associated with the filing of motions and the commencement of initial hearings are exceeded.

We have recognized that "delay in the institution and prosecution of probation revocation proceedings . . . may constitute a denial of due process, thereby requiring the [S]tate to waive any right to revoke [the] defendant's probation." *State v. Chavez*, 102 N.M. 279, 282, 694 P.2d 927, 930 (Ct. App. 1985). However, a probationer may

only obtain relief pursuant to this principle upon a showing of prejudice. *See id.* ("The burden of showing actual prejudice by delay in the initiation or prosecution of proceedings to revoke probation rests upon the probationer."). Defendant has made no effort to establish prejudice.

In light of the foregoing, we perceive no basis for Defendant's claims of fundamental error and ineffective assistance of counsel. *See generally State v. Cunningham*, 2000-NMSC-009, ¶ 12, 128 N.M. 711, 998 P.2d 176 (stating that fundamental error will not protect "strictly legal, technical, or unsubstantial claims" (internal quotation marks and citation omitted)); *Duncan v. Kerby*, 115 N.M. 344, 348-49, 851 P.2d 466, 470-71 (1993) (stating that prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of counsel); *State v. Sanchez*, 98 N.M. 781, 783, 652 P.2d 1232, 1234 (Ct. App. 1982) (observing that failure to file a non-meritorious motion is not ineffective assistance). We therefore deny Defendant's motion to amend. *See generally State v. Ibarra*, 116 N.M. 486, 490, 864 P.2d 302, 306 (Ct. App. 1993) (observing that a motion to amend will be denied if the issue is not viable).

Defendant has also renewed his challenge of the sufficiency of the evidence to establish that he violated the terms and conditions of probation. [MIO 10-12] We

4

remain unpersuaded. As we observed in our notice of proposed summary disposition, the State called Defendant's probation officer, who testified that Defendant failed to report, failed to obtain permission prior to changing his residence, failed to participate in an intensive supervision program, and failed to participate in urinalysis and/or breath testing. [DS 1; RP 88-89, 120] Defendant admitted the violations. [MIO 11; RP 115] This testimony provided ample support for the district court's determination that Defendant willfully violated his probation. *See, e.g.*, *State v. Neal*, 2007-NMCA-086, ¶¶ 42, 46, 142 N.M. 487, 167 P.3d 935 (affirming the revocation of probation based in part on the defendant's admission that he had moved without providing his new address to his probation officer and in part on an officer's testimony that the defendant had committed another offense); *State v. Jimenez*, 2003-NMCA-026, ¶¶ 5, 10-11, 17, 133 N.M. 349, 62 P.3d 1231 (observing that the probation officer's testimony that the defendant had failed to report was sufficient to support the revocation of his probation), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461; *State v. Sanchez*, 109 N.M. 718, 720, 790 P.2d 515, 517 (Ct. App. 1990) (holding that probation may properly be revoked based on the defendant's admission that he or she violated the terms of probation); *see generally State v. Frank*, 92 N.M. 456, 458, 589 P.2d 1047, 1049 (1979) ("Intent is subjective

and is almost always inferred from other facts in the case."); *State v. Gattis*, 105 N.M. 194, 200, 730 P.2d 497, 503 (Ct. App. 1986) (stating that intent can be inferred from an accused's acts, conduct, and words). This, in turn, provides an adequate basis for the district court's election to revoke Defendant's probation. *See generally* NMSA 1978, § 31-21-15(B) (1989); *State v. Rivera*, 2004-NMSC-001, ¶ 21, 134 N.M. 768, 82 P.3d 939 (observing that the courts are vested with "broad discretion to sentence defendants to probationary terms and strictly monitor their compliance").

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**