This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 32,880**
                                                          **Consolidated with 32,967**

**HENRY CASTILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM

Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Defendant appeals from the revocation of his probation. We previously issued a notice of proposed summary disposition in which we consolidated Defendant's related appeals in Ct. App. Nos. 32,880 and 32,967, and proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we uphold the revocation of Defendant's probation.

**{2}** Defendant raised five issues in his docketing statement, which we reduced to four for purposes of discussion. Because our analysis relative to each of these issues was previously set forth in the notice of proposed summary disposition, we will avoid lengthy repetition here.

**{3}** First, with respect to the timeliness of the adjudicatory hearing, as we previously noted and as Defendant acknowledges, [MIO 3] the deadline appears to have been met by virtue of the application of Rule 5-104(A) NMRA; and moreover, the imposition of sanctions for any delay was not mandatory. *See* Rule 5-805(L) NMRA. We therefore reject Defendant's assertion of error.

**{4}** Second, with respect to the establishment of identity, we remain of the opinion that the State made a satisfactory showing, albeit indirectly. *See State v. Jimenez*,

2

2003-NMCA-026, ¶¶ 10-16, 133 N.M. 349, 62 P.3d 1231 (setting forth the applicable standard of proof, and holding that a probationer's own actions may supply a tacit admission which is sufficient to establish identity), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461. Nothing in the memorandum in opposition persuades us otherwise. [MIO 4]

{5} Third, with respect to the recall of two of the State's witnesses in rebuttal, [MIO 4-5] we remain unpersuaded that the district court erred or otherwise abused its discretion. *See* Rule 11-1101(D)(3)(d) NMRA (providing that the rules of evidence do not apply to probation revocation proceedings); *State v. Hernandez*, 1993-NMSC-007, ¶ 36, 115 N.M. 6, 846 P.2d 312 (holding that the district courts have broad discretion in the application of Rule 11-615 NMRA); *and see, e.g., Goodloe v. Bookout*, 1999-NMCA-061, ¶ 9, 127 N.M. 327, 980 P.2d 652 (illustrating that the rule of exclusion was not violated and no prejudice resulted where a witness was called in rebuttal).

{6} Fourth and finally, we reject Defendant's continuing assertion that the district court's determination was against the manifest weight of the evidence. [MIO 5-6] As we previously observed, the State met its burden of proof by presenting the testimony of various probation officers. And while Defendant continues to argue that his non-compliance was adequately explained or excused by the evidence that he presented,

3

[MIO 5-6] the district court as finder of fact was not required to credit that testimony. *See generally State v. Sanchez*, 1990-NMCA-017, ¶ 10, 109 N.M. 718, 790 P.2d 515 (observing that while acting as the finder of fact at a probation revocation proceeding, the trial court could properly weigh the evidence and the credibility of the witnesses).

{7}     For the foregoing reasons, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**

4