This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                    **No. A-1-CA-36638**

**MICHAEL HAMMOND,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals from the revocation of his probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant

has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we uphold the revocation of Defendant's probation.

{2}     The pertinent background information was previously set forth in the notice of proposed summary disposition. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}     Defendant renews his argument that the State failed to prove that he violated the terms and conditions of his probation. [MIO 5-6]  However, as we previously observed, the State met its burden of proof by presenting the testimony of Defendant's probation officer, establishing that Defendant failed to report as required. [MIO 5] This is sufficient to support the revocation of Defendant's probation. *See, e.g.*, *State v. Jimenez*, 2003-NMCA-026, ¶¶ 5, 10-11, 17, 133 N.M. 349, 62 P.3d 1231 (observing that the probation officer's testimony that the defendant had failed to report was sufficient to support the revocation of his probation), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461. Defendant's assertions to the contrary do not require a different result. [MIO 5]

{4}     In his memorandum in opposition Defendant further argues that the State failed to present sufficient evidence to establish another of the alleged violations, concerning the non-payment of fees and costs. [MIO 6] However, in light of the sufficiency of the

evidence to establish the previously discussed violation, this is immaterial. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 ("[A]lthough [the d]efendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper.").

{5}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{6}     **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**STEPHEN G. FRENCH, Judge**


_____

**EMIL J. KIEHNE, Judge**