This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38075**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**JESUS FRIAS,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Emilio J. Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}**    Defendant appealed following the revocation of his probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**    Defendant has advanced two arguments on appeal. First, we will address Defendant's challenge to the admission of hearsay.  [DS 4, 5-11; MIO 5-8]  "We review

the district court's evidentiary rulings for an abuse of discretion." *State v. Neal*, 2007-NMCA-086, ¶ 36, 142 N.M. 487, 167 P.3d 935.

**{3}** Defendant's probation was revoked as a consequence of his failure to report to his probation officer. [MIO 1] The hearsay at issue concerned this. Specifically, the State relied upon the testimony of a supervising probation officer to establish that Defendant failed to report to his probation officer within a specified time frame, as required. [DS 3; MIO 2-3] The testifying officer relied on a report generated by Defendant's probation officer to establish the violation. [DS 2; MIO 2]

**{4}** As a general rule, "hearsay evidence may be used in probation revocation hearings if it has probative value." *Id.* ¶ 42. Insofar as the hearsay at issue in this case directly addressed a material fact, and its source had no apparent motive to fabricate or deceive, the evidence in question was unquestionably probative. *See, e.g., State v. Guthrie*, 2011-NMSC-014, ¶¶ 46-47, 150 N.M. 84, 257 P.3d 904 (observing that the key evidentiary fact of the defendant's non-compliance "was easily and reliably established to a reasonable degree of certainty by a written statement" and further noting that the introduction of this evidence through the testimony of a probation officer was permissible, partly in light of the apparent reliability of the sources of information); *State v. Vigil*, 1982-NMCA-058, ¶ 20, 97 N.M. 749, 643 P.2d 618 (observing that hearsay may have probative value based on its "rational persuasive power" (internal quotation marks and citation omitted)).

**{5}** Notwithstanding the foregoing, we understand Defendant to contend that the State's failure to call his probation officer, who had attempted to contact Defendant and to whom Defendant had failed to report, violated his due process right to confrontation. [DS 4; MIO 6-8]

**{6}** As we previously described in the notice of proposed summary disposition, [CN 5-6] *Guthrie* comprehensively addresses the right to confrontation as it applies in probation revocation proceedings. In recognition of the "inherent flexibility" of due process in this context, as well as the informality of probation revocation proceedings, the New Mexico Supreme Court explained that the right to confront and cross-examine adverse witnesses does not apply if "good cause" exists for a departure. *Guthrie*, 2011-NMSC-014, ¶¶ 11-12, 33.

**{7}** Defendant suggests that the State must establish reasons for a witness's absence in order to satisfy the good cause requirement. [MIO 8] This is inaccurate. In this context, good cause is determined by considering "pragmatism . . . fairness and the utility of confrontation in [each] particular factual context." Id. ¶ 33. The centrality of the assertion to which the evidence is directed is a significant consideration, *id.* ¶ 34, as well as the "inherent reliability" of the evidence. *Id.* ¶ 36. And critically, confrontation is needful only with respect to "*contested* relevant facts." *Id.* ¶ 35 (emphasis added).

**{8}** In addition to establishing the foregoing principles, *Guthrie* is illustrative. In that case the Court concluded that the State was not required to call an individual from a

treatment program to testify to the "objective, negative, and rather routine fact" that the probationer had failed to complete the program. *Id.* ¶ 46. In so ruling, the *Guthrie* Court repeatedly relied on the fact that the probationer's non-compliance was undisputed. *Id.* ¶¶ 17, 34, 45, 48.

**{9}** The situation presented in this case is similar. Although Defendant's failure to report was central to the issues, the notes upon which the testifying officer relied appear to have been a reliable source, and we find no indication that Defendant contested the "objective, negative, and rather routine fact" of his failure to report to his probation officer on December 5, as required. [MIO 9; RP 177] Under the circumstances, we conclude that the State's reliance upon the testimony of the supervising probation officer, in place of the probation officer to whom Defendant failed to report, was permissible.

**{10}** In his memorandum in opposition Defendant contends that a separate probation violation, arising from his failure to report his arrest within 48 hours, was in fact contested, insofar as his probation officer became aware of that arrest approximately 47 hours later when he visited Defendant in jail on December 7. [MIO 5-8; RP 177-80] Be that as it may, Defendant's failure to report to his probation officer on December 5, as required, remained uncontested. As a result, we are unpersuaded by the assertion of reversible error. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (explaining "if there is sufficient evidence to support just one [probation] violation, we will find the district court's order was proper"); *State v. Duran*, 1988-NMSC-082, ¶ 12, 107 N.M. 603, 762 P.2d 890 ("[T]o establish a due process violation, and thus reversible error, the defendant must demonstrate prejudice."), *superceded by rule as stated in State v. Gutierrez*, 1998-NMCA-172, 126 N.M. 366, 969 P.2d 970.

**{11}** Defendant also renews his challenge to the sufficiency of the evidence to establish that he violated a condition of probation. [DS 4; MIO 8-10] Proof of a probation violation must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation. *See State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. Ultimately, we review the district court's revocation of probation under an abuse of discretion standard. *State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321. "To establish an abuse of discretion, it must appear the trial court acted unfairly or arbitrarily, or committed manifest error." *Id.*

**{12}** As previously described, the State called a supervising probation officer, who testified that Defendant failed to report on December 5 when required to do so. [DS 3; MIO 9; RP 166, 176-80] This was sufficient to establish that Defendant violated the terms and conditions of his probation. *See, e.g., State v. Jimenez*, 2003-NMCA-026, ¶¶ 5, 10-11, 17, 133 N.M. 349, 62 P.3d 1231 (observing that the probation officer's testimony that the defendant had failed to report was sufficient to support the revocation of his probation), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461.

**{13}** As previously mentioned, defense counsel contended that Defendant's arrest precluded him from reporting as required. [RP 176-80] Defendant contends that this renders the State's showing of willfulness inadequate. [MIO 9-10] *See State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 ("If the trial court finds that [a probationer's] failure to comply was not willful, but resulted from factors beyond his control and through no fault of his own, then probation should not be revoked."). We disagree. The State's demonstration that Defendant failed to report as required on December 5 carried with it a presumption of willfulness, and Defendant bore the burden of rebutting that presumption. *See State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 ("[O]nce the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse."), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249. Although Defendant presented evidence that he was arrested late in the day on December 5, we find nothing to indicate that he established inability to report either earlier that day or after his arrest, and we will not assume it. *See In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation). Under the circumstances, the district court was free to reject Defendant's suggestion that the violation was not willful. *See, e.g.*, *Aslin*, 2018-NMCA-043, ¶ 11 (holding that the district court did not abuse its discretion in determining that the defendant willfully violated his probation, where the defendant presented no evidentiary support for his assertion that the violation "resulted from factors beyond his control"); *Martinez*, 1989-NMCA-036, ¶¶ 6-11 (concluding that the evidence was sufficient to support the revocation of probation, notwithstanding the defendant's assertion that he failed to report his arrest because he was initially constrained from so doing and later believed it was too late, where the probation officer testified that the defendant could have satisfied the condition, but he did nothing after an unsuccessful initial attempt).

**{14}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{15} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**