This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40343**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**JULIAN GONZALES,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**James B. Foy, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appealed following the revocation of his probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** In his docketing statement Defendant raised two issues, challenging the sufficiency of the evidence to establish a probation violation and contending that the State failed to demonstrate the validity of his prior convictions for sentencing purposes. In his memorandum in opposition Defendant renews both arguments. [MIO 1-8]

**{3}** With respect to the sufficiency of the evidence, Defendant continues to assert that his own testimony established that his failures to report to his probation officer were not willful. [MIO 6] However, as we previously observed, [CN 2-3] the evidence was susceptible to conflicting inferences, and ultimately, the district court was not required to credit Defendant's testimony or adopt his view. *See, e.g.*, *State v. Martinez*, 1989-NMCA-036, ¶¶ 6-11, 108 N.M. 604, 775 P.2d 1321 (concluding that the evidence was sufficient to support the revocation of probation, notwithstanding the defendant's assertion that he failed to report his arrest because he was initially constrained from so doing and later believed it was too late, where the probation officer testified that the defendant could have satisfied the condition, but he did nothing after an unsuccessful initial attempt). *See generally State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("The fact[-]finder may reject [the] defendant's version of the incident."); *State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 ("[O]nce the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse."), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249; *In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation).

**{4}** The State's demonstration that Defendant failed to report to his probation officer as required is sufficient to support the revocation of his probation. *See, e.g.*, *State v. Jimenez*, 2003-NMCA-026, ¶¶ 5, 10-11, 17, 133 N.M. 349, 62 P.3d 1231 (observing that the probation officer's testimony that the defendant had failed to report was sufficient to support the revocation of his probation), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461. *See generally State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (holding that probation revocations are to be upheld "if there is sufficient evidence to support just one [probation] violation"). Nevertheless, we note that the additional and apparently unrebutted evidence that Defendant committed new criminal offenses supplied an additional basis for the underlying disposition. [MIO 3, 7] *See, e.g.*, *State v. Lopez*, 2007-NMSC-011, ¶¶ 8, 17-19, 141 N.M. 293, 154 P.3d 668 (observing that the district courts have broad discretionary authority to revoke where failure to comply with conditions of probation reflects that the goal of rehabilitation is not being achieved; and upholding the authority of the district court to revoke a defendant's probation where he committed a new offense). Accordingly, we uphold the revocation of Defendant's probation as well within the district court's discretion. *See generally* NMSA 1978, § 31-21-15(B) (2016) ("If [a probation] violation is established, the court may . . . revoke the probation and . . . require the probationer to serve the balance of the sentence imposed or any lesser sentence.").

**{5}** Finally, Defendant renews his argument that the State failed to adequately establish the validity of his prior convictions, for sentencing purposes. [MIO 7-8] However, as we previously observed, [CN 4] Defendant's admissions, in his plea agreement, supplied an adequate basis for the imposition of the habitual offender sentence enhancement. *See State v. Simmons*, 2006-NMSC-044, ¶ 15, 140 N.M. 311, 142 P.3d 899 (explaining that in this context, "the [s]tate may make its prima facie

showing by having [the] defendant admit all of the necessary requirements . . . in a written plea agreement"). We therefore reject the challenge.

**{6}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{7}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**