This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41577**

**STATE OF NEW MEXICO,**

        Plaintiff-Appellee,

v.

**LIEGHRAUGHNZO JAY BENALLY**
**a/k/a LIEGHRAUHGNZO BENALLY**
**a/k/a LEE BENALLY**,

        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this

case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant Lieghraughnzo Jay Benally, appeals from the revocation of his probation. We review the district court's decision to revoke probation under an abuse of discretion standard. *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *Id.*; *see State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (stating that a probation violation must be proved to a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation). Additionally, the State bears the burden of proving that the violation was willful. *See In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339 (stating that "[t]o establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof").

**{3}** On appeal, Defendant challenges the sufficiency of the evidence to support the disposition, arguing specifically that the violations were not willful. *See State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{4}** On this issue, the relevant factual and procedural background is as follows. Defendant pled no contest to felony offenses pursuant to a plea agreement and was given a suspended sentence and placed on probation. [RP 88, 105-107] On October 3, 2022, the State filed a motion to revoke probation alleging that Defendant violated conditions of probation requiring that he report to his probation officer as often as required and that he obtain his probation officer's permission before changing his residence. [RP 117-120] On January 31, 2023, the State filed an amended motion to revoke probation restating the prior alleged violations and alleging that Defendant committed additional violations of probation by incurring new criminal charges and by failing to report his January 22, 2023, arrest to his probation officer. [RP 129-135]

**{5}** At the revocation hearing, Defendant's probation officer, PO Gayle, testified that he instructed Defendant to report in person in September 15, 2022, but Defendant did not report, and instead called PO Gayle to state that he was changing addresses from his girlfriend's home to his father's home. PO Gayle went to Defendant's father's home to conduct a field visit on September 19, 2022, but was informed by Defendant's father that Defendant had stayed for two days and then moved back to his girlfriend's home. [BIC 2-3; RP 141] PO Gayle went to the girlfriend's home on September 23, 2022, but Defendant was not there. [BIC 2-3; RP 141] Thereafter, Defendant did not report to probation in October, November, or December. [BIC 2-3; RP 141]

**{6}** Defendant also testified at the hearing and acknowledged that he stopped checking in with probation on September 15, 2022, even though he knew that he was required to check in monthly. [BIC 9; RP 142] Defendant testified that he did this

because he believed that his girlfriend was falsely reporting to his probation officer that he was violating the terms of his probation, and that there was a warrant out for his arrest. Defendant therefore chose to stop checking in with probation because he did not want to be arrested. [BIC 3; RP 143] Defendant also acknowledged that he changed his residence without informing his probation officer. [3-7-2023 CD 11:51:22 - 11:52:10]

{7}    The State's evidence, as well as Defendant's admissions, were sufficient to support the district court's determination that Defendant violated his probation by failing to report and by changing his address without permission. [RP 171] *See State v. Jimenez*, 2003-NMCA-026, ¶¶ 5, 10-11, 17, 133 N.M. 349, 62 P.3d 1231 (observing that a probation officer's testimony that the defendant had failed to report was sufficient to support the revocation of his probation), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461; *State v. Neal*, 2007-NMCA-086, ¶¶ 42, 46, 142 N.M. 487, 167 P.3d 935 (affirming the revocation of probation based in part on the defendant's admission that he had moved without providing his new address to his probation officer).

{8}    Defendant contends that his failure to check in with probation and keep in contact with his probation officer was due to his fear of being arrested and sent to jail, which would prevent him from being involved in his daughter's life. Accordingly, Defendant argues that his conduct was not willful and cannot support a revocation of his probation. *See Leon*, 2013-NMCA-011, ¶ 36 (stating that "[o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non[]compliance" (internal quotation marks and citation omitted)). [BIC 7-8] However, while a probationer may seek to establish that his failure to comply was not willful, this usually requires a demonstration that the violation "resulted from factors beyond his control and through no fault of his own." *Martinez*, 1989-NMCA-036, ¶ 8; *see also State v. Williams*, 2021-NMCA-021, ¶ 6, 489 P.3d 949 (discussing that if the probation violation "resulted from factors beyond a probationer's control, probation may not be revoked" (internal quotation marks and citation omitted)).

{9}    Defendant's testimony was that he was aware of his probation requirements but consciously chose to disregard them for his own subjective reasons, not that his conduct "resulted from factors beyond his control" or "through no fault of his own." *Martinez*, 1989-NMCA-036, ¶ 8; *see also State v. Aslin*, 2018-NMCA-043, ¶ 11, 421 P.3d 843 (holding that the district court did not abuse its discretion in determining that the defendant willfully violated his probation, where the defendant presented failed to prove that the violation "resulted from factors beyond his control" internal quotation marks and citation omitted)), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249. Additionally, the district court was not required to credit Defendant's testimony regarding his reasons for violating his probation. *See generally State v. Ortiz*, 2017-NMCA-006, ¶ 18, 387 P.3d 323 ("It is within the district court's purview, when acting as fact-finder, to weigh the credibility of witnesses and, in doing so, discard [the d]efendant's version of events."); *State v. Trujillo*, 2002-NMSC-005, ¶ 31, 131 N.M. 709, 42 P.3d 814 (reasoning that a fact-finder may "reject the defendant's version of an incident" (internal quotation marks and citation omitted)).

**{10}** We therefore conclude that the evidence was sufficient to establish a willful violation of probation. *See Martinez*, 1989-NMCA-036, ¶ 8 ("[I]f [the] defendant fails to carry his burden, then the [district] court is within its discretion in revoking [the defendant's probation].").

**{11}** Accordingly, we affirm the district court.

**{12}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**