This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41981**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ADAAM VASQUEZ a/k/a
ADAM VASQUEZ a/k/a
ADAAM A. VASQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this

case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the revocation of his probation, arguing that there was insufficient evidence to prove his probation violations were willful. [BIC 7-9] "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{3}** Defendant pled no contest to felony offenses pursuant to a plea agreement and was given a suspended sentence and placed on probation. [1 RP 163, 170-74] The State filed a petition for probation revocation alleging in pertinent part that Defendant violated his probation by possessing firearms and ammunition and failing to seek permission before changing his residence. [1 RP 224] At the probation violation hearing, Defendant's probation officer, PO Cutts, testified that he conducted a home visit at the address on file for Defendant. [BIC 1] PO Cutts understood that Defendant, who was present at the time of the visit, shared the home with his girlfriend and their children. [BIC 1] During the home visit, PO Cutts discovered a rifle, a Glock case that did not contain the Glock but did contain related items, a loaded magazine for an AR pistol, and two loaded handguns. [BIC 2] PO Cutts testified that when asked about the items, Defendant stated that he and his girlfriend sold the Glock and the AR pistol, but that he had forgotten about the loaded magazine. [BIC 2] Defendant further stated that the two handguns belonged to his girlfriend and he did not know the handguns were in the house, although he also acknowledged that there was no place else to store the handguns on the property. [BIC 2] The district court also heard testimony from a sheriff's deputy regarding a post-arrest interview in which Defendant stated he had been staying with his mother for the past two weeks because he and his girlfriend had been arguing. [BIC 3] Defendant's girlfriend also testified at the hearing, confirming that the guns were hers and that she had brought them into the house while Defendant was staying with his mother. [BIC 4]

**{4}** Following closing arguments, in which Defendant argued that he attempted to report his change of residence, the district court noted there was no testimony supporting such a finding and the State had met its burden of proving a violation on that basis as well as a technical violation based on the ammunition found inside the home. [BIC 5-6] The court clarified that it was not finding a violation based on the firearms. [BIC 6] The district court's order revoking probation followed. [2 RP 308]

**{5}** Defendant does not assert error as to the district court's revocation based on his failure to seek permission to change his residence, and Defendant acknowledges on appeal that he did not present evidence below to rebut such allegation. [BIC 5] Accordingly, affirmance would be proper on this basis alone. *See State v. Jimenez*, 2003-NMCA-026, ¶¶ 5, 10-11, 17, 133 N.M. 349, 62 P.3d 1231 (observing that a

probation officer's testimony that the defendant had failed to report was sufficient to support the revocation of his probation), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461. Rather, Defendant contends that the revocation order was not supported by sufficient evidence because the State failed to prove a willful violation, given Defendant's assertion that he did not know that the ammunition was in his home. [BIC 7-9] While a probationer may seek to establish that his failure to comply was not willful, this usually requires a demonstration that the violation "resulted from factors beyond his control and through no fault of his own." *Martinez*, 1989-NMCA-036, ¶ 8; *see also State v. Williams*, 2021-NMCA-021, ¶ 6, 489 P.3d 949 (discussing that if the probation violation "resulted from factors beyond a probationer's control, probation may not be revoked." (alteration, internal quotation marks, and citations omitted)). Moreover, "[o]nce the [s]tate offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." *Leon*, 2013-NMCA-011, ¶ 36 (internal quotation marks and citation omitted).

**{6}**      It is not an abuse of discretion for a district court to find that a defendant willfully violated their probation where such defendant failed to prove that the violation "resulted from factors beyond his control." *State v. Aslin*, 2018-NMCA-043, ¶ 11, 421 P.3d 843, *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249. Additionally, the district court was not required to credit Defendant's contentions regarding his reasons for violating his probation or his lack of willfulness in doing so. *See generally State v. Ortiz*, 2017-NMCA-006, ¶ 18, 387 P.3d 323 ("It is within the district court's purview, when acting as fact-finder, to weigh the credibility of witnesses and, in doing so, discard [the d]efendant's version of events."); *State v. Trujillo*, 2002-NMSC-005, ¶ 31, 131 N.M. 709, 42 P.3d 814 (reasoning that a fact-finder may reject the defendant's version of an incident). We therefore conclude that the evidence that ammunition was found in Defendant's residence of record was sufficient to establish a willful violation of probation. *See Martinez*, 1989-NMCA-036, ¶ 8 ("[I]f [the] defendant fails to carry his burden, then the [district] court is within its discretion in revoking [the defendant's probation].").

**{7}**      Based on the foregoing, we affirm.

**{8}      IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**