This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42982**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CRAIG V. HUNTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred Van Soelen, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Berg & Walsh, P.A.
Brian Parrish
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Defendant appeals from the district court's order revoking his probation. This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant maintains that the district court violated his due process rights by allowing the State and a witness, Los Angeles Police Department Officer Felix, to appear via video at his probation revocation proceeding [MIO 5-8], and there was

insufficient evidence to support Defendant's probation violation because the State failed to properly identify Defendant. [MIO 9]

**{3}**     This Court first proposed to conclude that the district court did not violate Defendant's due process rights by allowing the remote appearances. [SCN 1-5] We proposed to conclude that "good cause" supported Officer Felix's remote testimony—Officer Felix's "statements [were] not subjective, judgment-based observations, but objective statements about routine facts where credibility of the witness [is] less relevant to the truth-finding process; and Officer Felix's statements were corroborated by Defendant's New Mexico probation officer"—such that Officer Felix's remote appearance did not deprive Defendant of due process. [SCN 2-3] *See State v. Guthrie*, 2011-NMSC-014, ¶¶ 40-41, 150 N.M. 84, 257 P.3d 904 (listing and discussing factors to consider whether there is "good cause" to allow remote testimony in a probation revocation proceeding); *State v. Godinez*, 2025-NMSC-005, ¶ 26, 563 P.3d 854 (same). We additionally proposed to conclude that the State's remote appearance did not violate Defendant's due process rights because the Ninth Judicial District Remote and Hybrid Hearings Plan[1] allowed the district court to grant the State's motion for remote appearance and there was no other indication that the State's remote appearance affected the proceedings. Our review of the record proper showed "both parties examined all witnesses and presented closing arguments without issue at Defendant's probation revocation hearing." [SCN 4]

**{4}**     Defendant now argues that we misapplied the *Guthrie* factors and misunderstood the issue presented because "the veracity of [Officer] Felix's statements was the central issue," particularly when the State presented no corroborating evidence. [MIO 6-7] But as we explained in our proposed disposition, Defendant only challenges the "veracity" of Officer Felix to the extent that Defendant contests Officer Felix's credibility and the difficulty of determining credibility via remote testimony. Defendant's argument focuses on the lack of corroborating evidence and Officer Felix's "visual identification over video that the person on the screen was the one he arrested." [MIO 6-7] But like Defendant's docketing statement, the memorandum does not challenge the substance of Officer Felix's testimony, only whether Officer's Felix's testimony alone was sufficient. [MIO 6-7]

**{5}**     Defendant also argues that we should find that the State's remote appearance violated his due process rights, like the district court's remote appearance did in *State v. Carver*, A-1-CA-40080, mem. op. ¶¶ 4, 7 (N.M. Ct. App. Oct. 12, 2023) (nonprecedential). [MIO 8] Defendant's argument that we should apply a nonprecedential opinion to conclude that the State's remote appearance violated due process is unpersuasive. *See Eastland Fin. Serv. v. Mendoza*, 2002-NMCA-035, ¶ 16, 132 N.M. 24, 43 P.3d 375 ("An unpublished opinion is written solely for the benefit of the parties to the action and has no controlling precedential value."). Further, we disagree that having a party appear remotely is the same as the fact-finder appearing remotely for a defendant's probation revocation hearing. *See Carver*, A-1-CA-40080, mem. op. ¶¶ 4, 7. Finally, as we explained above and in our proposed disposition, the district court

---

[1]*See* Ninth Jud. Dist. Remote and Hybrid Hearings Plan 4-5 (July 12, 2023), https://ninthdistrict.nmcourts.gov/wp-content/uploads/sites/27/2024/09/RemoteAndHybridPlan.pdf.

was within its authority to grant the State's request to appear remotely and the State's remote appearance did not adversely affect the proceedings. [SCN 4]

**{6}** This Court next proposed to conclude that sufficient evidence supported the district court's decision, specifically that the State properly identified Defendant. [SCN 5-7] Officer Felix identified Defendant as the man he arrested in California during his remote testimony, and Probation Officer Garcia additionally identified Defendant—in person—through his testimony. [SCN 6-7] *See State v. Jimenez*, 2003-NMCA-026, ¶ 8, 133 N.M. 349, 62 P.3d 1231 (explaining that "identification does not absolutely require in-court identification by a witness"), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461.

**{7}** Defendant now argues that the evidence was insufficient "to prove to a reasonable certainty that he was the individual arrested in California in June . . . 2025 and that the alleged violations occurred, based solely on [Officer] Felix's remote testimony." [MIO 9] But as we explained in our notice of proposed disposition [SCN 7], and as Defendant concedes in his memorandum [MIO 7, 9], "identification does not absolutely require in-court identification by a witness." *Jimenez*, 2003-NMCA-026, ¶ 8. Additionally, Officer Felix's testimony was not the only identification of Defendant. Probation Officer Garcia similarly identified Defendant during his in-person testimony at the probation revocation hearing. [SCN 6-7]

**{8}** Accordingly, Defendant has not directed this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our previous analysis in our proposed summary disposition.

**{9}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**